UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JAYVONTE PINES**                                    **CIVIL ACTION**

**versus**                                             **NO. 12-3023**

**STATE OF LOUISIANA**                                 **SECTION: "E" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Jayvonte Pines, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On March 18, 2009, he pleaded guilty to second degree kidnapping and attempted armed robbery under Louisiana law. On that same date, he was sentenced on the second degree kidnapping conviction to a term of thirty-five years imprisonment, with the first two

years of that sentence to be served without benefit of probation, parole, or suspension of sentence. He was further sentenced on the attempted armed robbery conviction to a concurrent term of thirty-five years imprisonment.[1]  He did not appeal either his convictions or sentences.

On or after February 10, 2011, petitioner filed an application for post-conviction relief with the state district court.[2] That motion was denied on February 23, 2011.[3] His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on June 22, 2011,[4] and August 15, 2011,[5] and by the Louisiana Supreme Court on April 27, 2012.[6]

On or about December 4, 2012, petitioner filed the instant federal application for *habeas corpus* relief.[7]  The state argues that the application is untimely.[8]  The state is correct.

---

[1] State Rec., Vol. III of III, trial transcript, pp. 358-71.

[2] State Rec., Vol. II of III.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  That date cannot be gleaned with certainty with respect to this state post-conviction application; however, petitioner signed the application on February 10, 2011, and so it could not have been placed in the mail system any earlier than that date.

[3] State Rec., Vol. II of III, Order dated February 23, 2011.

[4] State v. Pines, No. 2011 KW 0552 (La. App. 1st Cir. June 22, 2011); State Rec., Vol. I of III.

[5] State v. Pines, No. 2011 KW 1277 (La. App. 1st Cir. Aug. 15, 2011); State Rec., Vol. I of III.

[6] State *ex rel.* Pines v. State, 86 So.3d 622 (La. 2012) (No. 2011-KH-1906); State Rec., Vol. I of III.

[7] Rec. Doc. 5. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). The record does not reflect when that occurred in this case; however, it was mailed in an envelope postmarked on December 4, 2012.  While that date may be somewhat imprecise, the use of an approximate filing date here is sufficient in light of the fact that petitioner's federal application

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[9]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review.  See Foreman, 383 F.3d at 338-39.  As a result, this court looks to state law in determining how long a prisoner has

---

is extremely untimely.  See, e.g., Washington v. Rader, Civ. Action No. 12-136, 2012 WL 2236746, at *1 n.4 (E.D. La. May 14, 2012), adopted, 2012 WL 2200209 (E.D. La. June 15, 2012); Noble v. Cooper, Civ. Action No. 11-2866, 2012 WL 1135867, at *1 n.5 (E.D. La. Mar. 20, 2012), adopted, 2012 WL 1135857 (E.D. La. Apr. 4, 2012).

[8] Rec. Doc. 10.

[9] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

        to file a direct appeal.  See Causey v. Cain, 450 F.3d 601, 606 (5th
        Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

        As noted, on March 18, 2009, petitioner pleaded guilty and was sentenced.  Because he did not file a direct appeal within the thirty days allowed by state law, his conviction and sentence became final no later than April 17, 2009.[10]  Accordingly, the period that petitioner had to file his application for federal *habeas corpus* relief with respect to his state criminal judgment commenced on that date and expired one year later on April 19, 2010,[11] unless that deadline was extended through tolling.

        The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

---

[10] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La.C.Cr.P. 914.

    The Court notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea.  See State v. Crosby, 338 So.2d 584 (La. 1976).  In this case, the Court need not decide whether petitioner had a right to appeal his convictions or sentences pursuant to La.C.Cr.P. art. 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his convictions were final upon his pleas (March 18, 2009) or upon the expiration of his period for filing a motion to appeal (April 17, 2009).

[11] Because April 17, 2010, fell on a Saturday, the federal limitations period was extended through the following Monday, April 19, 2010.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year period. Therefore, he is not entitled to any statutory tolling credit under 28 U.S.C. § 2244(d)(2).[12]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

---

[12] Out of an abundance of caution, the Court notes that petitioner did file a "Motion for the Production of Trial and Sentencing Transcripts" on or about September 5, 2009. State Rec., Vol. II of III. However, an application seeking transcripts or other documents is not considered an "application for State post-conviction or other collateral review" for tolling purposes because it is preliminary in nature and does not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

In that petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 19, 2010, in order to be timely. Because his federal application was not filed until on or about December 4, 2012, it is untimely.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Jayvonte Pines be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this third day of May, 2013.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.